UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------------X

DAVID HACKSHAW,

                                  Plaintiff,

-against-

CITY OF NEW YORK, MATTHEW FRIED, GERARD
DELPRETE, DAVID COURTIEN, MICHAEL LOPRESTI,
STEVEN RIVAS, MATTHEW REGINA, SALVATORE
DESANTIS and JOHN and JANE DOE 1 through 10,
individually and in their official capacities, (the names John
and Jane Doe being fictitious, as the true names are presently
unknown),

                                  Defendants.

----------------------------------------------------------------------------X

**AMENDED COMPLAINT**

10 CV 6005 (BMC)

<u>Jury Trial Demanded</u>

Plaintiff DAVID HACKSHAW, by his attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully alleges as follows:

### Preliminary Statement

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States. Plaintiff also asserts supplemental state law claims.

### JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff asserts supplemental state law claims pursuant to common law and the New York State Constitution.

3. Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff DAVID HACKSHAW is a thirty-two year old African American man residing in Staten Island, New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, MATTHEW FRIED, GERARD DELPRETE, DAVID COURTIEN, MICHAEL LOPRESTI, STEVEN RIVAS, MATTHEW REGINA, SALVATORE DESANTIS, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the

official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12. On September 30, 2009, at approximately 7:30 p.m., plaintiff was riding his bicycle on Jersey Street by the corner of Corson Avenue in Staten Island, New York, when defendant NYPD officers, while operating an unmarked vehicle, caused plaintiff to crash his bicycle and fall to the ground.

13. Thereafter, upon information and belief, two of the defendant officers, who were dressed in plain clothes, approached plaintiff, stating in sum and substance, come here you child molester. Plaintiff, fearing that he was in imminent danger of an assault by the defendants, ran from them.

14. When plaintiff was on Corson Avenue between Ely Street and Pine Street, plaintiff heard a defendant officer state in sum and substance, you're going to try to evade the police, I'm going to shoot you in your back if you don't stop running.

15. After hearing said statement, plaintiff placed himself chest down on the ground with his arms and legs spread and on the ground.

16. Upon information and belief, defendants, including but not limited to, FRIED and COURTIEN, jumped on plaintiff's back and struck plaintiff on his head and body.

17. Upon information and belief, defendant officers, including but not limited to, FRIED, COURTIEN, LOPRESTI, and DELPRETE handcuffed and/or assisted in handcuffing

3

plaintiff in severely over tight handcuffs.

18. After plaintiff was handcuffed, plaintiff was repeatedly struck on his head and body with punches and kicks and a hard object, believed to be a radio or gun, while he was being subdued by the defendant officers, including FRIED, COURTIEN, LOPRESTI, and DELPRETE.

19. As plaintiff was on the ground being kicked and hit, while restrained by over tight rear handcuffs, he began to yell for help and to struggle on the ground in an attempt to avoid any further beating.

20. Defendant officers continued to beat plaintiff while he was restrained and defenseless, and illegally searched plaintiff.

21. Eventually the defendant officers, including but not limited to DELPRETE, REGINA, and RIVAS, forcibly placed plaintiff in the van.

22. While plaintiff was inside the police van and restrained by over tight rear handcuffs, a defendant officer, while in the presence of other defendant officers, further assaulted plaintiff, by repeatedly striking plaintiff on his head.

23. While in the van, plaintiff repeatedly stated to the defendants, in sum and substance, that the handcuffs were too tight, that he had a prior wrist injury, and he asked that they please loosen the handcuffs.

24. The defendant officers ignored plaintiff's requests.

25. The defendants transported plaintiff to the 120th precinct stationhouse. While in front of the 120th precinct, the defendants illegally searched plaintiff again.

26. As a result of the above conduct, plaintiff sustained bruising, abrasions, and swelling to his head, face, right shoulder, wrists, hip, back, and right lower extremities.

27.  Notwithstanding plaintiff's injuries, some of which were visible, the defendants imprisoned plaintiff in the 120th precinct and denied plaintiff appropriate medical treatment by delaying plaintiff's treatment and by not allowing the treating emergency medical technicians who responded to the precinct to transport plaintiff to the hospital for further appropriate care.

28.  While in the precinct, defendant officers again ignored plaintiff's repeated requests to loosen his handcuffs.

29.  Finally, after an unreasonable delay, plaintiff's over tight handcuffs were removed, and he was imprisoned in a holding cell.

30.  As a result of the malicious over tight and prolonged handcuffing, plaintiff sustained severe injuries to his wrists.

31.  As a result of the defendants' physical abuse of the plaintiff, plaintiff was compelled to seek medical treatment.

32.  As a result of the above-described misconduct, plaintiff underwent surgery on his right wrist on May 13, 2010.

33.  As a result of the above-described misconduct, plaintiff may undergo surgery on his left wrist.

34.  Upon information and belief all of the defendant officers directly participated in the above-described misconduct, and/or otherwise failed to intervene in the illegal conduct described herein.

35.  All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising of its employees, and due to discrimination against plaintiff based on his race.

36. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affair Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding the use of force and the proper use of handcuffs.

37. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

38. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

39. As a result of the foregoing, plaintiff DAVID HACKSHAW sustained, *inter alia*, severe physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

## AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. § 1983)

40. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "41" with the same force and effect as if fully set forth herein.

41. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

6

42. All of the aforementioned acts deprived plaintiff DAVID HACKSHAW, a member of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

43. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

44. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

45. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

46. As a result of the foregoing, plaintiff DAVID HACKSHAW is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

47. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

48. The level of force employed by defendants was excessive, objectively

unreasonable and otherwise in violation of plaintiff DAVID HACKSHAW'S constitutional rights.

49. As a result of the aforementioned conduct of defendants, plaintiff DAVID HACKSHAW was subjected to excessive force and sustained physical injuries.

50. As a result of the foregoing, plaintiff DAVID HACKSHAW is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Unlawful Strip Search under 42 U.S.C. §1983)

51. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "52" with the same force and effect as if fully set forth herein.

52. Defendants strip searched plaintiff DAVID HACKSHAW in the absence of reasonable individualized suspicion that plaintiff was in possession of weapons or contraband at the time he was searched.

53. Defendants thereby caused plaintiff DAVID HACKSHAW to be deprived of his right to be free from unlawful strip searches.

54. As a result of the foregoing, plaintiff DAVID HACKSHAW is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Deliberate Indifference to Serious Medical Needs under 42 U.S.C. § 1983)

55. Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs "1" through "56" with the same force and effect as if fully set forth herein.

56. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that was deliberately indifferent to plaintiff's serious medical needs by disregarding an excessive risk to the plaintiff's health or safety, which is forbidden by the Constitution of the United States.

57. As a result of the foregoing, plaintiff DAVID HACKSHAW is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A FIFTH CAUSE OF ACTION**
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

58. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

59. The defendants assaulted and battered plaintiff DAVID HACKSHAW, because of his national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

60. As a result of the foregoing, plaintiff DAVID HACKSHAW was deprived of his rights under the Equal Protection Clause of the United States Constitution.

61. As a result of the foregoing, plaintiff DAVID HACKSHAW is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
(<u>Failure to Intervene under 42 U.S.C. § 1983</u>)

62.  Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

63.  Defendants had an affirmative duty to intervene on behalf of plaintiff DAVID HACKSHAW, whose constitutional rights were being violated in their presence by other officers.

64.  The defendants failed to intervene to prevent the unlawful conduct described herein.

65.  As a result of the foregoing, plaintiff DAVID HACKSHAW was subjected to excessive force, he was illegally searched and he was put in fear of his safety.

66.  As a result of the foregoing, plaintiff DAVID HACKSHAW is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(<u>Supervisory Liability under 42 U.S.C. § 1983</u>)

67.  Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "68" with the same force and effect as if fully set forth herein.

68.  The supervisory defendants personally caused plaintiff DAVID HACKSHAW'S constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

69.  As a result of the foregoing, plaintiff DAVID HACKSHAW is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

70. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "71" with the same force and effect as if fully set forth herein.

71. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

72. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, using excessive force against arrestees, including, without limitation, inflicting wanton pain on prisoners by intentionally tightening or failing to loosen over tight handcuffs. In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiff DAVID HACKSHAW'S rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

73. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff DAVID HACKSHAW.

74. The foregoing customs, policies, usages, practices, procedures and rules of the

City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff DAVID HACKSHAW as alleged herein.

75. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff DAVID HACKSHAW as alleged herein.

76. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff DAVID HACKSHAW was subjected to excessive force and illegally searched.

77. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff DAVID HACKSHAW'S constitutional rights.

78. All of the foregoing acts by defendants deprived plaintiff DAVID HACKSHAW of federally protected rights, including, but not limited to, the right:

    A.    To be free from the use of excessive force and/or the failure to intervene;

    B.    To be free from improper searches;

    C.    To be free from deliberate indifference to serious medical need;

    D.    To receive equal protection under law.

79. As a result of the foregoing, plaintiff DAVID HACKSHAW is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## Supplemental State Law Claims

80. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "81" with the same force and effect as if fully set forth herein.

81. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

82. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

83. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

84. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

85. As a result of the foregoing, plaintiff DAVID HACKSHAW is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A NINTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

86. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "87" with the same force and effect as if fully set forth herein.

87. As a result of the foregoing, plaintiff DAVID HACKSHAW was placed in apprehension of imminent harmful and offensive bodily contact.

88. As a result of defendants' conduct, plaintiff DAVID HACKSHAW has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

89. As a result of the foregoing, plaintiff DAVID HACKSHAW is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A TENTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

90. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "91" with the same force and effect as if fully set forth herein.

91. Defendants made offensive contact with plaintiff without privilege or consent.

92. As a result of defendants' conduct, plaintiff has suffered serious physical injuries, pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

93. As a result of the foregoing, plaintiff DAVID HACKSHAW is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Unlawful Strip Search under the laws of the State of New York)

94. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "95" with the same force and effect as if fully set forth herein.

95. Plaintiff was unlawfully strip searched in the absence of reasonable individualized

suspicion that plaintiff was in possession of weapons or contraband at the time he was searched.

96. As a result of defendants' conduct, plaintiff DAVID HACKSHAW has suffered mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

97. As a result of the foregoing, plaintiff DAVID HACKSHAW is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A TWELFTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

98. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "99" with the same force and effect as if fully set forth herein.

99. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

100. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

101. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

102. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff.

103. As a result of the aforementioned conduct, plaintiff suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

104. As a result of the foregoing, plaintiff DAVID HACKSHAW is entitled to

15

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

105. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "106" with the same force and effect as if fully set forth herein.

106. Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff.

107. Defendant CITY OF NEW YORK knew, or should have know in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

108. As a result of the foregoing, plaintiff DAVID HACKSHAW is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

109. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "110" with the same force and effect as if fully set forth herein.

110. Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and

participated in the arrest of and excessive use of force against plaintiff.

111. As a result of the foregoing, plaintiff DAVID HACKSHAW is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A FIFTEENTH CAUSE OF ACTION**
(Negligence under the laws of the State of New York)

112. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "113" with the same force and effect as if fully set forth herein.

113. Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

114. As a result of the foregoing, plaintiff DAVID HACKSHAW is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A SIXTEENTH CAUSE OF ACTION**
(*Respondeat Superior* liability under the laws of the State of New York)

115. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "116" with the same force and effect as if fully set forth herein.

116. Defendant CITY OF NEW YORK is vicariously liable for the acts of its

employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

117. As a result of the foregoing, plaintiff DAVID HACKSHAW is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SEVENTEENTH CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §11)

118. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "119" with the same force and effect as if fully set forth herein.

119. As a result of defendants' conduct, plaintiff was deprived of his right to equal protection of laws.

120. As a result of the foregoing, plaintiff DAVID HACKSHAW is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff DAVID HACKSHAW demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages in an amount to be determined by a jury;

(C) reasonable attorney's fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
July 8, 2011

> LEVENTHAL & KLEIN, LLP
> 45 Main Street, Suite 230
> Brooklyn, New York 11201
> (718) 722-4100
>
> By: _____
> BRETT H. KLEIN (BK4744)
>
> Attorneys for Plaintiff DAVID HACKSHAW

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------------------X

DAVID HACKSHAW,

                                     Plaintiff,

                                10 CV 6005 (BMC)

    -against-

CITY OF NEW YORK, MATTHEW FRIED, GERARD
DELPRETE, DAVID COURTIEN, MICHAEL LOPRESTI,
STEVEN RIVAS, MATTHEW REGINA, SALVATORE
DESANTIS and JOHN and JANE DOE 1 through 10,
individually and in their official capacities, (the names John
and Jane Doe being fictitious, as the true names are presently
unknown),

                                  Defendants.

----------------------------------------------------------------------------------X


**AMENDED COMPLAINT**



**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100