UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

DAVID HACKSHAW,

                         Plaintiff,

-against-

CITY OF NEW YORK, MATTHEW FRIED,
GERARD DELPRETE, DAVID COURTIEN,
MICHAEL LOPRESTI, STEVEN RIVAS,
MATTHEW REGINA, SALVATORE DESANTIS
and JOHN and JANE DOE 1 through 10, individually
and in their official capacities, (the names John and
Jane Doe being fictitious, as the true names are
presently unknown),

                         Defendants.
------------------------------------------------------------------X

**STIPULATION OF SETTLEMENT AND ORDER OF DISMISSAL**

10 Civ. 6005 (BMC)

        **WHEREAS,** plaintiff commenced this action by filing a complaint on or about December 28, 2010, alleging that the defendants violated plaintiff's federal civil and state common law rights; and

        **WHEREAS,** defendants have denied any and all liability arising out of plaintiff's allegations; and

        **WHEREAS,** the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability;

        **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, as follows:

        1.    The above-referenced action is hereby dismissed against defendants, with prejudice, and without costs, expenses, or attorney's fees in excess of the amount specified in paragraph "2" below.

2. The City of New York hereby agrees to pay plaintiff DAVID HACKSHAW the sum of Ten Thousand ($10,000.00) Dollars in full satisfaction of all claims, including claims for costs, expenses and attorney's fees. In consideration for the payment of this sum, plaintiff agrees to dismissal of all the claims against the defendant and to release the defendants, the City of New York, Matthew Fried, Gerard Delprete, David Courtien, Michael Lopresti, Steven Rivas, Matthew Regina, and Salvatore Desantis, and any present or former employees and agents of the City of New York or any agency thereof, from any and all liability, claims, or rights of action which were or could have been alleged in this action, including claims for costs, expenses, and attorney's fees.

3. Plaintiff shall execute and deliver to defendant's attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph 2 above and an Affidavit of Status of Liens. If Medicare has provided payment and/or benefits for any injury or condition that is the subject of this lawsuit, prior to tendering the requisite documents to effect this settlement, Plaintiff shall have notified Medicare and shall submit with the settlement documents a Medicare final demand letter for conditional payments. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. §1395y(b) and 42 C.F.R. §§411.22 through 411.26.

4. Nothing contained herein shall be deemed to be an admission by the defendants that they in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations or bylaws of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

5. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

6. Plaintiff agrees to hold harmless the City of New York, and Officers Matthew Fried, Gerard Delprete, David Courtien, Michael Lopresti, Steven Rivas, Matthew Regina, and Salvatore Desantis regarding any liens or past and/or future Medicare payments, presently known or unknown in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, defendant reserves the right to issue a multiparty settlement check, naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

7. This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
           _____, 2011

Brett Klein, Esq.
Leventhal & Klein, LLP
Attorney for Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201

By: _____
     Brett Klein
     *Attorney for Plaintiff*

MICHAEL A. CARDOZO
Corporation Counsel of the
   City of New York
*Attorney for Defendants City of New York,
Officers Delprete, Fried, Courtien, Lopresti,
Rivas, Regina, and Desantis*
100 Church Street, Rm. 3-173A
New York, New York 10007
(212) 788-1090

By: _____
     Alexandra Corsi
     *Assistant Corporation Counsel*

SO ORDERED: 10/17/11

/s/(BMC)
_____
HON. BRIAN M. COGAN
UNITED STATES DISTRICT JUDGE

Dated: New, New York
           _____, 2011